IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL ANTHONY CEVALLOS,

    Petitioner,　　　　　　　　　　No. 2:12-cv-01433 DAD P

    vs.

MATTHEW CATE,

    Respondent.　　　　　　　　　　ORDER

_____/

    Petitioner, a former state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

    Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

    However, the court is required to examine a petition for federal habeas corpus relief before requiring a response to it. See Rules 3 & 4, Rules Governing § 2254 Cases. "If it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ." Rule 4, Rules Governing § 2254 Cases. Rule 4 "'explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated.'" O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quoting Gutierrez

1   v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983)).

2   Rule 2(c) of the Rules Governing Section 2254 Cases requires that a habeas petition (1) specify all grounds of relief available to the petitioner; (2) state the facts supporting each ground; and (3) state the relief requested.  Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error.  Rule 4 of the Rules Governing Section 2254 Cases, Advisory Committee Notes, 1976 Adoption; O'Bremski, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)).  Allegations in a federal habeas petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Finally, if a federal habeas petitioner is no longer a state prisoner, he must name a proper respondent or respondents.  In this regard, if a habeas petitioner is on parole, "he may name his probation or parole office *and* the official in charge of the parole or probation agency[.]" Ortiz-Sandaval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (internal quotation marks omitted).

Here, it appears that petitioner seeks to challenge his 2010 judgment of conviction in the Glenn County Superior Court on the charge of making a criminal threat in violation of California Penal Code § 422 with a hate crime sentencing enhancement under California Penal Code § 422.75(a).  Beyond that, the allegations of the pending federal habeas petition are vague and difficult to decipher in every respect.[1]

/////

---

[1] For example, petitioner describes his first ground for relief as follows: "Authoritative positions purposely stayed away from definitive conclusive investigative information establishing a First Amendment violation[.]" (Doc. No. 1 at 4.) Petitioner alleges the following facts in support of this claim for relief: "The quality of this positive information was reduced statutorily by someone making up a judicial corrupted cooperation. Very carefully these people noticed as the Prosecution, defendant's Representative, and the Judge centering on censorship was removing conclusive interesting defendant information as a power taking stability ability to operate a visionary purpose for a written Constitution. By surrendering defendant's defensible presumed conclusive information to power take from a justice system in collusion . . . ." (Id. at 4-5.) In short, petitioner's allegations are incomprehensible.

Accordingly, the court will summarily dismiss the pending petition and grant petitioner leave to file an amended petition which complies with the legal standards set forth above. Petitioner is advised, however, that his amended petition will be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Rules Governing § 2254 Cases.[2]

Petitioner has also filed several motions with the court. Those motions too are incomprehensible and fail to clarify in any way the grounds for federal habeas relief that petitioner is attempting to present. Those motions will be denied as frivolous and petitioner will be directed not to file any further motions in this action until the court has determined that he has filed an amended petition presenting a cognizable claim for federal habeas relief.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's May 29, 2012 application to proceed in forma pauperis (Doc. No. 2), is granted;

2. Petitioner is granted thirty days from the date of service of this order to file an amended petition that complies with the requirements of the Federal Rules of Civil Procedure; any amended petition must bear the docket number assigned this case and must be labeled "Amended Petition;" petitioner shall use the form petition provided by the Clerk of the Court; petitioner's failure to file an amended petition in accordance with this order will result in the dismissal of this action;

3. Petitioner's June 28, 2012 document styled, "Motion Advising Information" (Doc. No. 5), is denied;

4. Petitioner's July 16, 2012 document styled, "Motion Interrogatory [I]nformation" (Doc. No. 6), is denied;

/////

---

[2] Petitioner is advised that with respect to each claim for federal habeas relief he alleges he must identify the constitutional amendment that the claim is based upon.

5. Petitioner's July 30, 2012 document styled, "Motion To [E]stablish Correction" (Doc. No. 7), is denied;

6. Petitioner's September 13, 2012 document styled, "Motion: To Preserve This Information" (Doc. No. 10), is denied;

7. Petitioner's September 13, 2012 document styled, "Motion: This Is A Motion Of Responsibility In Realizing A Statutory Animal In The Superior Court Room" (Doc. No 11), is denied;

8. Petitioner's September 17, 2012 document styled, "Motion For Correction" (Doc. No. 12), is denied;

9. Petitioner's December 18, 2012 document styled, "Motion: For Decision Entering A Judgment" (Doc. No. 14) is denied;

10. Petitioner's January 18, 2013 document styled, "Motion: For Discovery Of Information" (Doc. No. 15), is denied;

11. Petitioner's February 22, 2013 document styled, "Motion To Make Respondent Answer Petition" (Doc. No. 16), is denied;

12. Petitioner's February 25, 2013 document styled, "Motion For Correction Correcting Motion To Make Respondent Answer Petition" (Doc. No. 17), is denied;

13. Petitioner shall not file any further motions in this action until the court has had the opportunity to review any amended habeas petition he elects to file in this action and the court has issued an order directing respondent(s) to file a response thereto; and

14. The Clerk of the Court is directed to provide petitioner's with the court's form petition for a writ of habeas corpus.

DATED: March 12, 2013.

DAD:4
cell1433.9

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE