UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY CEVALLOS, | No. 2:12-cv-01433 DAD P |
| Petitioner, | |
| v. | ORDER |
| RED BLUFF PAROLE UNIT, | |
| Respondent. | |

Petitioner, who appears to be on parole, has filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has also consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See ECF No. 4.)

I. First Amended Petition

On March 13, 2013, the court issued an order directing petitioner to file an amended petition because the claims and allegations set forth in his original habeas petition were in large part incomprehensible and difficult to decipher. It appeared from those allegations, however, that petitioner sought to challenge a judgment of conviction entered against him in 2010 for making a criminal threat in violation of California Penal Code § 422, with a hate crime sentencing enhancement imposed pursuant to California Penal Code § 422.75(a). In the March 13, 2013 order petitioner was advised of the requirements for the stating of a claim cognizable in a federal habeas action and was warned that the court would summarily dismiss his amended petition "[i]f

1  it plainly appears on the face of the petition  . . . that the petitioner is not entitled to relief[.]"

2  (ECF No. 18 at 3) (quoting Rule 4, Rules Governing §2254 Cases).

3      On April 2, 2013, petitioner filed an amended petition for federal habeas relief.  (Doc. No.

4  20).  Unfortunately, the allegations set forth in that petition are as incomprehensible as those set

5  forth by petitioner in his original petition.  For example, in his amended petition petitioner

6  presents eight grounds for relief, beginning with the first two as follows:

> Ground one:  I'm testifying that the prosecution, my Court appointed council [sic] and the judge surrendered a justice system to reclassify a purpose of processing information in a Court Rm.
>
> Ground two:  As a realized responsibility the purpose of this corrupted cooperation was governmentally interacted to transfer Authority to a blended in capitalistic environment undetected[.]

11  (ECF No. 20 at 4.)  The remaining six grounds for relief stated in the amended petition are just as

12  nonsensical as the first two.  Therefore, based on the allegations of the amended petition and

13  exhibits attached thereto, the court finds that petitioner is clearly not entitled to federal habeas

14  relief and that his amended petition should be summarily dismissed pursuant to Rule 4 of the

15  Rules Governing §2254 Cases.

16  II.  Other Matters Pending Before the Court

17      Because petitioner had inundated this court with motions following the filing of his

18  original petition, in the court in its order of March 13, 2013 had directed petitioner to file no

19  additional motions until the court had reviewed his amended petition and issued an order

20  directing respondent to respond thereto.  Nonetheless, petitioner has filed four additional  motions

21  with the court which will be addressed below.

22      On March 13, 2013, petitioner filed a motion "for a separation from the Superior Court

23  Room County of Glenn."  (ECF No. 19 at 1.)  On May 10, 2013, petitioner filed a motion styled

24  as a, "Motion To Preserve This Information."  (ECF No. 21.)  On May 31, 2013, petitioner filed a

25  motion styled as a "Motion To Make Respondent Respond To Petitioner."  Each of these motions

26  will be denied both as incomprehensible and as having been rendered moot by the court's

27  summary dismissal of the amended petition.

28  /////

Petitioner's fourth motion, filed on July 12, 2013, is styled as a "Motion To Recuse Magistrate Judge Official Of This Case." (ECF No. 23.) As best the court can determine, it appears that in that motion petitioner is expressing a belief that he has received "prejudicial treatment" in this action, although the basis for petitioner's contention in this regard is unclear at best. (ECF No. 23 at 1.) Petitioner's motion to recuse will also be denied. Under 28 U.S.C. § 144, a party who believes "that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party" must provide an affidavit setting out the following:

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. Petitioner has not complied with the requirements of § 144 by providing a proper and timely affidavit. Moreover, it appears that petitioner is seeking the undersigned's recusal because of the court's rulings in this action. However, as the United States Supreme Court has noted, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). Instead, the judicial rulings are a basis for appeal, not recusal. Id. ("In and of themselves . . . [judicial rulings] cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal."); Leslie v. Gruupo ICA, 198 F.3d 1152, 1160 (9th Cir. 1999) ("Leslie's allegations stem entirely from the district judge's adverse rulings. This is not an adequate basis for recusal.") (citations omitted).

Accordingly, petitioner's motion for recusal will also be denied.

III. Certificate of Appealability

Rule 11 of the Federal Rules Governing Section 2254 Cases states that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should be granted for any issue that petitioner can

3

demonstrate is "'debatable among jurists of reason,'" could be resolved differently by a different court, or is "'adequate to deserve encouragement to proceed further.'" Jennings v. Woodford, 290 F.3d 1006, 1010 (9th Cir.2002) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). For the reasons set forth above, the court declines to issue a certificate of appealability in this case.

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's first amended petition is summarily dismissed. See Rule 4, Rules Governing §2254 Cases;

2. Petitioner's March 13, 2013 motion "for separation from superior court room County of Glenn" (ECF No. 19) is denied;

3. Petitioner's May 10, 2013 "motion to preserve information" (ECF No. 21) is denied;

4. Petitioner's May 31, 2013 "motion to make respondent respond to petitioner" (ECF No. 22) is denied;

5. Petitioner's July 12, 2013 "motion to recuse the magistrate judge" (ECF No. 23) is denied;

6. The Clerk of the Court is directed to serve a copy of the amended petition filed in this case together with a copy of this order on the Attorney General of the State of California and to close this action; and

7. The court declines to issue a certificate of appealability.

Dated: January 24, 2014

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
ceva1433.summdism